The opinion of the Court was delivered by
Wardlaw, J.
In bills to marshal and administer the assets of embarrassed estates in the Court of Equity, commonly called creditors’ bills, the practice is well settled to allow a creditor wh) has failed to present and prove his claim before the day appointed in the order calling in creditors, still to come in with his claim, at any time before the actual distribution of the assets, upon his contributing his fair proportion of the expenses of suit. This practice needs no vindication beyond that contained in the cases of Shubrick vs. Shubrick, 1 McC. Ch., 406, and ex parte Hanks, Dud. Eq., 233. The petitioners who seek to intervene as creditors in the case of McBride vs. Kirk, make a case within this procedure. No final order for the distribution of the funds, much less no full distribution, has been made. Some of the assets are yet in the registry of the Court; and the adminis-tratrix has in her hands twenty or more slaves of the intestate estate, undertaken to be administered by the Court. The *263 ex parte order of May II, 1858, that their guardian might remove the property of the infant distributees beyond the limits of the State, implies no actual distribution, cannot commit creditors, and cannot protect the administratrix. The petitioners offer to pay a fair share of the expenses.
This petition seems to have been filed about February 14, 1859. It prays that the petitioners may be allowed to prove their “ claims nunc pro tunc, subject only to such legal and equitable grounds of objection as were valid against said claims on February 25, 1856,” when the first report on debts was made by the commissioner. We think the petitioners are entitled to come in and prove their demands nunc pro tunc, in the sense that they shall not be barred by their mere failure to present their demands before the expiration of the time limited by the order. But we can afford no patronage or protection to laches. The Chancellor says in his decree, “the petitioners’ counsel declined to offer evidence that these claims had ever been presented to the commissioner, or to the administratrix, or to the solicitor of the estate, nor was any evidence offered of the reasons for the omission.”
The petitioners are not entitled to be saved from the consequences of the lapse of time before the filing of their petition.
It is ordered and decreed, that the petitioners have leave to prove their demands, as if presented February 14, 1859; and that the circuit decree be reformed accordingly.
O’Neald, C. J., and Johnston, J., concurred.

Decree reformed.